**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

BANDSPEED LLC                             §
                                          §
     Plaintiff                        §
                                          §
     v.                               §
                                          §     Case No. 5:21-cv-00086-RWS-CMC
                                          §
QORVO, INC.                               §
                                          §
     Defendant                        §
                                          §

**<u>PATENT PROTECTIVE ORDER</u>**

WHEREAS, Plaintiff Bandspeed, LLC, and Defendant Qorvo, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Material produced in electronic format. When electronic files or documents are printed for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 5(e), the party printing the electronic files or documents shall affix a legend, stamp, or cover page to the printed document corresponding to the document's designation and including the production number associated with the native file, to the extent the document's designation and production number is not already a part of the as-printed document.

2.      Any document or information produced before issuance of this Order with the designation "Confidential," "Confidential - Outside Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel's Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All materials including information copied or extracted from DESIGNATED MATERIAL, as well as all copies, reproductions, extracts, excerpts, digests, compilations, and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED," ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

   a.   outside counsel of record in this Action for the Parties;

   b.   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   c.   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

   d.   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such

additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e.  outside consultants or experts (i.e., not existing employees or affiliates of a Party) and their support personnel retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party along with (1) a current curriculum vitae of the consultant or expert and (2) an indication of whether the consultant or expert will be given access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE pursuant to Paragraph 10 below (the served Undertaking, along with items (1) and (2), collectively, referred to in this section as "Notice") at least ten (10) days before access to the Protected Material is to be given to that consultant or expert.  Any objection by the producing Party to disclosure of Protected Material to the consultant or expert, including the factual basis for such objection, shall be made in writing by the producing Party ("Objection") and served upon the receiving Party within seven (7) days of receipt of the Notice. The Parties agree to promptly confer and use good faith to resolve any such Objection.  If the Parties are unable to resolve any Objection, the objecting Party may file a motion with the Court within fifteen (15) days of the Notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No

5

disclosure to a consultant or expert shall occur until all Objections to that consultant or expert are resolved by agreement or Court order;

f.   independent litigation support services, including persons working for or as court reporters, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g.   the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

8.    A producing Party may designate Discovery Material as "RESTRICTED – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or

sensitive in nature and the producing Party reasonably believes that the disclosure of such Protected Material is likely to cause economic harm or significant competitive disadvantage to the producing Party.  To the extent that Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.      For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   a.   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10(i) and (l) below. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. No recordable devices, including without limitation sound recorders, computer, cellular telephones, camera, or removable hard drive, shall be permitted in the room with the stand-alone computer during inspection of the Source Code Material.  To facilitate note-taking by authorized reviewers the Producing Party shall provide a separate secure stand-alone computer

with access to camera functionality and the internet disabled, as well as a secure thumb drive for recording hand-typed notes and transferring those notes to the authorized reviewer's computer at the completion of each day's review.   The Producing Party agrees that this standalone computer shall not be configured to monitor or record the notes taken by the authorized reviewer or otherwise record the authorized reviewer's review of the Source Code Material.

b. Prior to the first inspection of any Source Code Material, the receiving Party shall provide four (4) days' notice of the Source Code Material that it wishes to inspect. All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least two (2) days in advance of the first time that such person reviews such Source Code.  The receiving Party shall provide four days' notice prior to any additional inspections. The receiving Party shall make reasonable efforts to restrict its requests to inspect the Source Code Material to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request to inspect the Source Code Material outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

d.  The producing Party shall provide the following information at least 7 days before the producing Party makes Source Code available for inspection: (i) the nature of the Source Code intended for production, including a general identification of the functionality of the files to be produced and to which accused instrumentality or instrumentalities the files relate; (ii) the quantity of Source Code to be produced (i.e. number of files or total file size); (iii) the types of file extensions or Source Code languages present in the production (e.g. Java, Python, etc.); and (iv) confirmation that the Source Code being produced has been implemented in the accused instrumentalities. The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code Material be installed on the secured computer, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein.  The receiving Party must provide the producing Party with a copy of such licensed software tool(s) at least four (4) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

e.  Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a-b), up to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 5(e) above, persons reasonably necessary under 5(f), and persons listed under Paragraph 5(g). A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.  To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

g.  Except as set forth in paragraph 10(l) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

h.  The Receiving Party's outside counsel and/or experts shall be entitled to take notes in the Source Code Review Room relating to the Source Code but may not copy the Source Code into such notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Any notes taken by the Receiving Party's outside counsel and/or experts shall be designated as RESTRICTED  CONFIDENTIAL SOURCE CODE and be subject to the terms of this Protective Order.

i.  The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED  CONFIDENTIAL  SOURCE  CODE." Upon printing any such portions of Source Code Material, the printed pages shall be collected by the producing Party.  The producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the Receiving Party.  Within three (3) days, the producing Party shall either (i) provide one copy set of such pages to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  The receiving Party shall maintain a log of all such files that are printed or photocopied;

j.  The receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code Material received from a producing Party pursuant to Paragraph 10(i), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code Material.  The log shall include the names of the reviewers and/or

recipients of paper copies and locations where the paper copies are stored.  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

k.  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

l.  A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in

paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.  For the avoidance of doubt, copies of expert reports or demonstrative exhibits that refer or rely on excerpts of Source Code Material not longer than 10 lines are not themselves considered "Source Code Material" for purposes of this subparagraph but must still be designated RESTRICTED CONFIDENTIAL SOURCE CODE.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE of a technical nature (collectively "HIGHLY SENSITIVE MATERIAL"), who receives and actually reviews, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not be involved, directly or indirectly, in preparing, prosecuting, supervising, or assisting in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit (e.g., Bluetooth, Zigbee, 802.15.4)[3] on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons who have reviewed HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare,

---

[3] By identifying these exemplary fields of use as the "field of the invention" for purposes of this prosecution bar, Defendant makes no admission that products that practice Bluetooth, Zigbee, or IEEE 802.15.4 protocols infringe the alleged inventions of the patents-in-suit.

prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

a.  For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party, who is permitted to receive another Party's HIGHLY SENSITIVE MATERIAL, may participate, supervise and assist in any and all proceedings before the U.S. Patent and Trademark Office related only to the patents-in-suit, including without limitation *Inter Partes* Review (IPR) proceedings, even if they have received the other Party's HIGHLY SENSITIVE MATERIAL, provided that they do not participate or assist, directly or indirectly, in any claim drafting or amendment of claims in such proceedings.   The permissions set forth in this paragraph 11(a) are strictly limited to the patents-in-suit and do not include proceedings involving any related applications or patents, or to proceedings involving foreign counterparts of the patents in suit or any related patents.

12.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or

immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. DESIGNATED MATERIAL must be stored and maintained by a receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party,

including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.  In the event the deposition or hearing is videotaped, the Party who originally noticed the deposition shall ensure that the original and all copies of the physical videotape shall be marked by the videographer with the appropriate designation under this Protective Order.  Counsel for any producing party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer, any person who is not authorized by this Order to receive or access DESIGNATED MATERIAL based on the designation testimony regarding such DESIGNATED MATERIAL, but only during such periods of examination or testimony regarding such DESIGNATED MATERIAL.

15.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible

for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return

or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Even after the termination of this case, a person who was authorized to receive DESIGNATED MATERIAL may not disclose or reveal any confidential information that that person learned from this DESIGNATED MATERIAL to a person not previously authorized under the terms of this Order to receive that information unless the Producing Party authorizes that disclosure in writing.

23.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.    In the event a Party becomes aware of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order by, the Party responsible for having made such unauthorized disclosure shall immediately notify counsel for the producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The notifying Party and the producing Party shall meet and confer within one business today to discuss all reasonable measures that should be taken to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure to a person not authorized to receive such disclosure does not change

the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material under this Order.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances within seven (7) days of raising the question of violation or potential violation with the opposing party, unless otherwise agreed by the parties.  To facilitate the timely resolution of these disputes, the Parties agree to meet and confer regarding alleged violations of this Order within one business day. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.   Nothing in this Order shall restrict in any way a producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of DESIGNATED MATERIAL by a receiving Party: (i) that is or has become publicly known through no fault of the receiving Party; (ii) that is lawfully acquired by or known to

the receiving Party independent of the producing Party; (iii) previously produced, disclosed and/or provided by the producing Party to the receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the producing Party; or (v) pursuant to order of the Court.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 19th day of April, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **BANDSPEED, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO.  5:21-CV-00086-RWS-CMC** |
| | § | |
| **QORVO, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.     My address is _____.

My current employer is _____.

My current occupation is _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL

SOURCE CODE," that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "RESTRICTED--ATTORNEYS' EYES ONLY,"   or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

1

all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____